**The document below is hereby signed.**

**Dated: August 16, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
STARMANDA FEATHERSTONE,         )   Case No. 09-00984
                                )   (Chapter 7)
              Debtor.           )   Not for Publication in
                                )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE TRUSTEE'S
OBJECTION TO THE DEBTOR'S EXEMPTIONS

The chapter 7 trustee has objected to the debtor's exemptions on the basis that the debtor overused the wildcard exemption, D.C. Code § 15-501(a)(3), limited in this case to $850, by the amount of $5,470. I will sustain the objection to the extent of $470 because $5,000 of the wildcard exemption claimed relates to property that, by reason of abandonment, is not property of the estate being administered by the trustee, thus presenting an academic issue whether the exemption was properly claimed as to that property.

I

On her schedules filed in 2009 the debtor used the wildcard exemption to exempt $5,000 of equity in her one commercial real estate property. On June 27, 2011, the debtor filed a motion to

compel the trustee to abandon his interest in that property. That motion was granted as unopposed. The debtor opposes the objection to exemptions (except as to $470 of the wildcard exemption used regarding other property) because the commercial real estate property became non-estate property upon being abandoned.

                                II

The commercial real estate ceased to be estate property by way of abandonment without the necessity of the debtor's exemption as to the asset becoming effective. If the court were to disallow the exemption as to the commercial real estate, that would be a useless act because the commercial real estate is the debtor's and not estate property being administered by the trustee.

The motion to compel abandonment noted that the trustee viewed the commercial real estate property as not having any equity that the estate could realize. Whether that was based on a view that the debtor's exemption of $5,000 would exhaust the equity is not known, but if the exemption was improper, and if there was a chance that there was $5,000 equity in the property that could be realized by the estate if the exemption were set aside, the trustee should have opposed the motion to compel abandonment.

III

This is not an instance of a wildcard exemption being used properly to exempt $850 of equity in an asset that the trustee then abandons (before the deadline for objecting to exemptions expires) because the proper $850 exemption exhausts all of the equity in that asset, and the debtor then amends the exemptions to claim the $850 wildcard exemption as to another asset that has not been abandoned.  That type of conduct might be viewed as bad faith, authorizing disallowance of the amended exemption.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification.