**The document below is hereby signed.**

**Dated: September 9, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
STARMANDA FEATHERSTONE,       )    Case No. 09-00984
                              )    (Chapter 7)
               Debtor.        )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE TRUSTEE'S MOTION TO
<u>RECONSIDER ORDER RE OBJECTION TO THE DEBTOR'S EXEMPTIONS</u>

The chapter 7 trustee has sought reconsideration of the order overruling, in part, his objection to the debtor's exemptions.

I

The debtor claimed a $5,000 exemption as to the debtor's commercial real property, but that property was abandoned and became non-estate property before the claimed exemption would have taken effect under 11 U.S.C. § 522(l).  Accordingly, the claimed exemption had no operative effect and was rendered irrelevant by the abandonment.  The trustee articulates no cogent argument why that ruling was in error.

II

The trustee, however, is correct that the prior ruling miscalculated the amounts that had been erroneously claimed to be exempt under D.C. Code § 15-501(a)(3) as to other property. The debtor claimed $10,470 in exemptions under that provision. Part of that was the $5,000 claimed as to the commercial real estate, and the remainder of $5,470 was as to other property. Because only $850 could be claimed as exempt under § 15-501(a)(3), the claimed exemptions under that provision as to what remained estate property and that should have been disallowed totaled $4,620 (the result of $5,470 claimed less the allowable amount of $850).

I erroneously ruled that $470 should be disallowed. This arose from a mis-reading of the trustee's objection.

The trustee's objection stated:

Debtor has claimed as exempt in her schedules under D.C. Code 15-501(a)(3) property in the amount of $5,470 over and above her real estate. Because debtor has exempted the entire equity in the residence under D.C. Code 15-501(a)(14), the debtor is limited to a total amount of $850 for all property required to be claimed under the wildcard.[1]

In response, the debtor argued that:

The Trustee's Objection indicates that the Debtor overused the wildcard exemption, D.C. Code 15-501(a)(3),

---

[1] His proposed order would have ordered "that Debtor's Exemptions under D.C. Code 15-501(a)(3) are denied and the Debtor is directed to turnover to the Trustee the amounts required to be claimed under that section less $850."

2

> by the amount of $5,470. . . . Because [the commercial
> real estate] is no longer included in the bankruptcy
> estate, the Debtor will amend her Schedules to exclude
> the $5,000 exemption [of the commercial real estate]. .
> . . Once the Debtor's schedules are amended, the Debtor
> will have only over used the wildcard exemption by $470.

I erroneously accepted the debtor's misinterpretation of the trustee's objection and disallowed only $470.  The court's prior order will be amended to reflect that $4,620 in exemptions are disallowed, and to direct turnover of $4,620.[2]

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[2] The debtor did not oppose the trustee's request for a turnover of an amount equal to whatever amount of exemptions was disallowed.  Of the assets claimed to be exempt under § 15-501(a)(3), $4,950 was in checking or savings accounts or in a savings bond.  To the extent that the debtor already made a payment of the $470 directed to be turned over by the previous order, that will be a credit towards the $4,620 turnover obligation set forth in the amended order.

3